### In the MATTER OF: Brian J. OBERST, Respondent

### Supreme Court Case No. 82S00–1709–DI–605

Supreme Court of Indiana.

FILED October 12, 2017

Published Order Approving Statement of Circumstances and Conditional Agreement for Discipline

Pursuant to Indiana Admission and Discipline Rule 23(12.1)(b), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below.

**Stipulated Facts:** In two separate incidents in January 2015, Respondent was pulled over for a traffic infraction. During both stops, he displayed a badge to the officer, and during one stop he orally indicated he was a deputy prosecutor in Vanderburgh County. In each instance, Respondent was released from the traffic stop without a citation. At the time of the stops, Respondent was not a deputy prosecutor or law enforcement officer.

As a result of these two incidents, Respondent was charged in two separate cases with impersonation of a public servant as Level 6 felonies. Respondent pled guilty in one case and was convicted following a bench trial in the other case. In each case, his conviction was entered as a Class A misdemeanor. Pursuant to the terms of his guilty plea, Respondent's first case subsequently was dismissed with no conviction upon Respondent's successful completion of probation.

Respondent has no prior discipline.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

8.4(b): Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

**Discipline:** The parties propose the appropriate discipline is a 60–day suspension with automatic reinstatement. The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 60 days, beginning November 22, 2017.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(18)(a).

The costs of this proceeding are assessed against Respondent.

All Justices concur.